CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 03, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **TA'KUAN BINGHAM,** | ) | |
| Plaintiff, | ) | Case No. 7:24-cv-00661 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| **K.D. RAMEY, et al.,** | ) | Senior United States District Judge |
| Defendants. | ) | |

### MEMORANDUM OPINION

Ta'Kuan Bingham, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against two correctional officers at Red Onion State Prison (Red Onion), Hearing Officer K.D. Ramey and Sergeant T. Smith. The case is now before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the original complaint, as supplemented by Bingham's additional statement of facts, the court concludes that his federal claims must be dismissed for failure to state a claim upon which relief may be granted, and the court declines to exercise supplemental jurisdiction over any remaining claims under state law.

### I.   Background

According to the complaint, defendant Ramey presided over disciplinary hearings conducted after Bingham was charged with offenses at Red Onion. Compl., ECF No. 1, at 2. Bingham claims that Ramey violated his right to due process by denying his requests for witnesses on multiple occasions. Id. He alleges that defendant Smith lied at the last two hearings, thereby "displaying intentional misconduct with malicious intent and gross negligence." Id. He also alleges that Ramey exhibited "gross negligence" and "deliberate indifference" by not

requiring Smith to appear in person for the disciplinary hearings. Compl. Attach., ECF No. 1-2, at 1. He seeks to recover monetary damages from both defendants. Id.

After filing his original complaint, Bingham filed a "bill of particulars" that was docketed as additional evidence. Pl.'s Add'l Evid., ECF No. 10. In the supplemental filing, Bingham alleges that he "lost all [of his] good time" as a result of the defendants' "gross negligence," "deliberate indifference," and "ministerial neglect." Id. at 1.

## II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from an employee or agent of a governmental entity. 28 U.S.C. § 1915A(a). The court must "dismiss a complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A complaint filed by a pro se litigant must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

2

## III. Discussion

### A. Constitutional Claims under Section 1983

Bingham filed suit against Ramey and Smith under 42 U.S.C. § 1983. Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. The statute "is not an independent source of substantive rights, but simply a vehicle for vindicating preexisting constitutional and statutory rights." Safar v. Tingle, 859 F.3d 241, 245 (4th Cir. 2017). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

#### 1. Denial of Due Process

Bingham first claims that he was denied due process during disciplinary hearings and that he lost good time credits as a result of the disciplinary convictions. The Supreme Court has "recognized that constitutional due process protections extend to prison disciplinary proceedings that could adversely impact an inmate's liberty interests—such as the loss of good time credits at issue here." Lennear v. Wilson, 937 F.3d 257, 268 (4th Cir. 2019) (citing Wolff v. McDonnell, 418 U.S. 539, 555 (1974)). However, Bingham has not alleged facts sufficient to establish that he has a cause of action under § 1983 for denial of due process. "The Supreme Court has long held that 'habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement' and that this 'specific determination must override the general terms of § 1983.'" Moskos v. Hardee, 24 F.4th 289, 295 (4th Cir. 2022)

3

(quoting Preiser v. Rodriguez, 411 U.S. 475, 490 (1973)). This principle applies to prison convictions resulting in the loss of good time credits. Id. Consequently, an inmate "may not challenge the validity of a disciplinary conviction [resulting in the loss of good time credits] through a damages suit under § 1983 . . . 'unless the plaintiff can demonstrate that the conviction . . . already has been invalidated, whether on direct appeal, by executive order, by a state tribunal, or by a federal court's issuance of a writ of habeas corpus.'" Id. (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994)); see also Edwards v. Balisok, 520 U.S. 641, 648 (1997) (concluding that a state prisoner's "claim for declaratory relief and monetary damages, based on allegations of deceit and bias on the part of the [disciplinary] decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983").

Here, as in Moskos and Balisok, Bingham's allegations "necessarily imply the invalidity of the punishment imposed," and there is no indication that the challenged disciplinary convictions have been overturned or invalidated. Moskos, 24 F.4th at 296 (quoting Balisok, 520 U.S. at 649). Consequently, to the extent that Bingham claims that the defendants caused him to lose good time credits without due process, § 1983 does not provide a cause of action, and the claim must be dismissed.\* See Moskos, 24 F.4th at 295–96.

### 2. Deliberate Indifference

Bingham also alleges that the defendants acted with "deliberate indifference" at his disciplinary hearings. To the extent that the allegations can be construed to assert a claim under the Eighth Amendment, such claim is also subject to dismissal.

---

\* If Bingham wishes to challenge the validity of his disciplinary convictions and recover the good time that he lost as a sanction, he must file a petition for writ of habeas corpus under 28 U.S.C. § 2254. See Moskos, 24 F.4th at 296.

4

The Eighth Amendment "forbids punishments that 'involve the unnecessary and wanton infliction of pain.'" Hodges v. Meletis, 109 F.4th 252, 259 (4th Cir. 2024) (quoting Estelle v. Gamble, 429 U.S. 97, 102 (1976)). "[T]he Supreme Court has also held that prison officials violate the Eighth Amendment when they fail to provide humane conditions of confinement by depriving inmates of life's necessities, such as food, clothing, shelter, medical care, and reasonable safety." Id. (internal quotation marks and citations omitted). In such cases, "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted).

Bingham does not allege that Ramey or Smith acted with deliberate indifference to his health or safety. The conduct that he describes—denying requests for witnesses and providing false testimony at a disciplinary hearing—does not rise to the level of an Eighth Amendment violation. See Hernandez v. Unknown, 433 F. App'x 56, 59 (3d Cir. 2011) (explaining that an officer's allegedly false statement at an inmate's disciplinary hearing "was not an example of deliberate indifference to a substantial risk of serious harm"). Accordingly, the complaint, as supplemented, fails to state a viable Eighth Amendment claim.

B.   **Claims under State Law**

Bingham's complaint also appears to assert claims under state law, including claims of gross negligence. Having concluded that his allegations are insufficient to state a cognizable federal claim, the court declines to exercise supplemental jurisdiction over the claims under state law and will dismiss those claims without prejudice. See 28 U.S.C. § 1367(c)(3) (authorizing a

district court to decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction").

## IV. Conclusion

For the foregoing reasons, the court concludes that Bingham's complaint, as supplemented, fails to state a cognizable claim under federal law against either of the named defendants. The federal claims are **DISMISSED** without prejudice under 28 U.S.C. § 1915A(b)(1), and any claims under state law are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1367(c)(3). An appropriate order will be entered.

Entered: January 2, 2025

Mike Urbanski
Senior U.S. District Judge
2025.01.02 18:33:50
-05'00'

Michael F. Urbanski
Senior United States District Judge

6